UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICE M. PRIOLA, *et al*                                    CIVIL ACTION

VERSUS                                                         NO.  06-5699

LIBERTY MUTUAL FIRE INSURANCE                                  SECTION "K"
COMPANY

## ORDER & REASONS

Before the Court are the following motions:

(1) Defendant Liberty Mutual Fire Insurance Company's Motion for Partial Summary Judgment dismissing claims of Emile Hebert, III (Doc. 16); and

(2) Defendant Liberty Mutual Fire Insurance Company's Motion for Summary Judgment. (Doc. 17)

In its Motion for Partial Summary Judgment, Liberty Mutual seeks to dismiss the claims of plaintiff Emile L. Hebert, III on the grounds that he has no interest in any of the three rental properties described in the complaint.  In its Motion for Summary Judgment, Liberty Mutual seeks to have the entire claim dismissed contending that plaintiffs have no claim for breach of contract or alternatively,  for negligent failure to secure the requested flood insurance.

After reviewing the pleadings, memoranda and relevant law and for the following reasons, the court concludes that the Motion for Partial Summary Judgment should be granted

as unopposed and Heavenly Houses, LLC should substituted as a plaintiff for Emile L. Hebert, III. It also finds that the Motion for Summary Judgment should be granted as to the breach of contract claim and denied as to the negligent failure to secure flood insurance claim.

## Background

Plaintiffs have sued Liberty Mutual seeking coverage under alleged flood policies, ostensibly covering three rental properties in Chalmette, Louisiana: 2409 Dicker Street, Chalmette, LA 70043, 2824 Lois Avenue, Chalmette, LA 70043 and 2400 Culotta Avenue, Chalmette, LA 70043 (collectively the "rental properties"). Plaintiffs have brought a breach of contract claim alleging that defendant has failed to compensate them under policies of insurance allegedly covering flood damage caused by Hurricane Katrina. In the alternative, plaintiffs allege that defendant negligently failed to issue flood insurance policies regarding the rental properties as they requested and should be compensated as if such policies had been issued.

Plaintiffs contend that Mr. Hebert contacted a Liberty Mutual representative named Shelley Bonnet in June, 2005, and requested flood insurance coverage on the rental properties. Plaintiffs allege that Ms. Bonnet stated that Liberty Mutual would write a flood insurance policy for each of the rental properties. Plaintiffs further allege that Mr. Hebert provided Ms. Bonnet with the information regarding the properties and gave her his credit card information and authorized her to charge the premiums for the flood insurance policies to his credit card. Additionally, the plaintiffs allege that Mr. Hebert confirmed his June 10, 2005 conversation

with Ms. Bonnet via letter to Liberty Mutual's office. These facts are apparently uncontested for the purposes of this motion.

The plaintiffs further allege that they had a reason to believe that Liberty Mutual would charge their credit card for the premium for the flood insurance policies for the rental properties. Plaintiffs contended this belief is based on the fact that on November 9th, 2004, Mr. Hebert and Ms. Bonnet had a telephone conversation regarding the renewal for the flood insurance policy issued by Liberty Mutual to plaintiffs for their home. In that conversation, Mr. Hebert states that he requested that the flood insurance policy for their home be renewed with higher coverage amounts, provided Ms. Bonnet with credit card information and authorized her to charge the premium for the renewal of the flood insurance policy to the credit card. Subsequently, plaintiff's credit card was charged for the premium renewal at the higher coverage amounts and flood insurance was issued.

**Law & Analysis**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).* Substantive law determines the materiality of facts, and "[o]nly disputes

over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).*

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v.. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).* Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id. at 322, 106 S.Ct. at 2552.* "[M]ere allegations" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

Plaintiffs concede that Liberty Mutual did not issue any flood insurance policies as the result of the June 10th, 2005 telephone conversation between Mr. Hebert and Ms. Bonnet. Therefore, since the Heberts concede that there is no insurance contract, there is no breach of contract claim in reference to any insurance policies. Therefore, the court will dismiss the breach of contract claims brought by the Heberts.

Liberty Mutual argues that in order to prevail on the negligence claim, plaintiffs must show that (1) there was an undertaking or agreement by an insurance agent to procure insurance; (2) failure of the agency to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he failed to obtain the insurance; and (3)

the actions of the agent warranted assumption by the client that he was properly insured. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973); *Porter v. Utica Mut. Ins. Co.*, 357 So.2d 1234, 1238 (La. App. 2nd Cir. 1978).  Liberty Mutual Argues that because plaintiffs admit they never paid a premium for flood insurance or received copies of a policy regarding the rental properties, they cannot show they reasonably assumed that they had flood insurance and, accordingly, their claim should be dismissed.

Plaintiffs contend that because of their prior dealings with Liberty Mutual and the fact that they have purchased insurance in the past with Liberty Mutual using a credit card and over the telephone, that their failure to contact Liberty Mutual between June 10th, 2005 and August 29th, 2005 is not unreasonable in light of this previous history.  Moreover, plaintiffs argue that they were aware that there would be a 30 day delay before their flood insurance policies could be issued and that the policies could not be issued when there was a tropical storm in the Gulf of Mexico.  Plaintiffs point to the fact that there were several tropical storms in the gulf, specifically, *Cindy, Dennis* and *Emily* during the relevant time period.   Specifically, that *Cindy* was in the Gulf of Mexico from July 4, 2005 to July 6, 2005, *Dennis* was in the Gulf of Mexico from July 9, 2005 to July 10, 2005, and *Hurricane Emily* was in the Gulf of Mexico from July 18th, 2005 to July 20th, 2005 and *Tropical Storm Gert* was in the Gulf of Mexico from July 24, 2005 to July 25th, 2005.

Under the circumstances, the court is of the opinion that there are genuine issues of material fact as to the negligence claim and, therefore, the motion for summary judgment regarding that claim is **DENIED.**

Accordingly, for the reasons stated above,

**IT IS ORDERED** that defendant's Motion for Partial Summary Judgment (Doc. 16) is **GRANTED** and Heavenly Houses, LLC is substituted as a plaintiff for Emile L. Hebert, III, as Heavenly Houses is the owner of the rental property located at 2409 Victor Street, Chalmette, LA 70043.

**IT IS FURTHER ORDERED** that as to the Motion for Summary Judgment (Doc. 17), plaintiffs' claims for breach of contract are **DISMISSED**; however, the Motion for Summary Judgment is **DENIED** as to plaintiffs' negligence claims.

New Orleans, Louisiana, this  2nd  day of August, 2007.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**